UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEWART DEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2085** |
| **111 VETERANS BOULEVARD, LLC** | **SECTION "O"** |

## ORDER

Before the Court is Plaintiff Stewart Development, LLC's ("Stewart") motion[1] to exclude insurance expert Timothy Gold's opinions and testimony. Defendant 111 Veterans Boulevard, LLC ("111 Veterans") opposes[2] the motion and Stewart has filed a reply.[3] For the following reasons, the motion is **DENIED**.

This case stems from a dispute over a provision of a ground lease between Stewart and 111 Veterans.[4] Stewart owns Heritage Plaza, a Class A office building in Metairie, Louisiana but leases the land on which it sits pursuant to a ground lease.[5] 111 Veterans took over this ground lease in 2017.[6] A few years later, in 2022, Stewart listed Heritage Plaza for sale, and 111 Veterans expressed interest in purchasing the building.[7] However, purchase negotiations ultimately fell through.[8] The next year, on March 16, 2023, 111 Veterans defaulted Stewart for allegedly violating the ground lease.[9] In the default letter sent to Stewart, 111 Veterans

---

[1] ECF No. 51.
[2] ECF No. 53.
[3] ECF No. 55.
[4] ECF No. 1.
[5] *Id.* at 2 ¶ 5.
[6] *Id.* at 4 ¶ 10.
[7] *Id.* at 4–5 ¶¶ 14–16.
[8] *Id.* at 5 ¶ 16.
[9] *Id.* ¶ 17.

explained Stewart breached the ground lease for failing to maintain $110,700,000 of casualty insurance, the amount equal to the replacement cost of the building (less depreciation of 10%) with a $10,000 or less deductible.[10] About three months after this letter was sent, Stewart filed this lawsuit seeking a declaratory judgment and alleging claims for breach of contract and Louisiana Unfair Trade Practice and Consumer Protection Act ("LUTPA") violations.[11] Stewart argues *inter alia* that 111 Veterans' mandated amount of insurance coverage is not reasonably obtainable, that Stewart's failure to obtain such coverage was not a violation of the ground lease, and that 111 Veterans breached the lease by placing Stewart in default. 111 Veterans argues *inter alia* that its required coverage is reasonably obtainable, and that Stewart did in fact breach the ground lease for failing to maintain such coverage.

Stewart moves[12] to exclude the testimony of 111 Veterans' insurance expert Timothy Gold under Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1998). Stewart advances numerous arguments in support of excluding Gold's testimony. Specifically, Stewart argues that Gold's testimony on Stewart's parametric wind policy should be excluded because Gold did not read Stewart's policy.[13] Stewart claims that Gold's testimony on Stewart's captive cell policy should be excluded because it is a legal conclusion.[14] Stewart alleges that Gold's opinions on the local insurance market before and after

---

[10] *Id.* at 5–6 ¶¶ 19–20.
[11] ECF No. 1
[12] ECF No. 51.
[13] ECF No. 51-1 at 4–5.
[14] *Id.* at 6–7.

Hurricane Katrina in 2005 are speculative and warrant exclusion because Gold did not work in the insurance industry until 2006.[15] Stewart claims that Gold's reliance on conversations with other industry brokers constitutes unreliable methodology for his opinions on insurance availability from 2021–2024.[16] And Stewart asserts that Gold's testimony is undermined by his failure to read the testimony of Eric Lowenstein, 111 Veterans' corporate representative, and his misreading of key facts from the testimony of Jason Provenzano, 111 Veterans' insurance broker, and Andrew Schutzman, president and owner of AMS Risk Management and Consulting, Inc.[17]

111 Veterans opposes Stewart's motion.[18] 111 Veterans argues that Gold's opinions meet the requirements of Rule 702, Rule 703, and *Daubert*, and that Stewart's concerns constitute fodder for cross examination, not reasons for exclusion under Rule 702.[19] 111 Veterans further argues that, because this is a bench trial, Stewart's concerns can be explored during trial with the judge as the gatekeeper and trier of fact.[20]

The Court agrees with 111 Veterans. The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded on other grounds) (citing *Daubert*, 509 U.S. at 590–93). As the Court has

---

[15] *Id.* at 8–9.
[16] *Id.* at 10–15.
[17] *Id.* at 15–18.
[18] ECF No. 53.
[19] *Id.*
[20] *Id.* at 2.

already noted, there is no jury demand in this case. The Fifth Circuit has instructed that "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). And in a bench trial, the "gatekeeper and the trier of fact are the same." *Talley v. United States*, No. CV 21-1509, 2023 WL 2881293, at *3 (E.D. La. Mar. 16, 2023) (denying motion to exclude testimony because the "danger that the factfinder will place improper weight on [the expert's] opinions is not implicated here.").

The Court finds this danger is indeed minimal because the Court is "capable of assessing the probative value of the evidence and the weight [the expert's] testimony should be given." *Talley*, 2023 WL 2881293, at *3. *Daubert* requires "a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Hawkins v. Sea Support Ventures*, No. CV 21-661, 2022 WL 860415, at *1 (E.D. La. Mar. 23, 2022) (internal quotations and citations omitted) (denying motions to exclude expert testimony because the court is the trier of fact in a bench trial, thereby reducing *Daubert* concerns). Moreover, as 111 Veterans points out, cross examination is the proper vehicle for Stewart's concerns.[21] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible

---

[21] *Id.* at 9, 12, 16–18.

evidence." *Daubert*, 509 U.S. at 596. As such, the Court finds Stewart's motion should be denied at this time.

Accordingly,

**IT IS ORDERED** that Stewart's motion[22] to exclude Timothy Gold's opinions and testimony is **DENIED**.

New Orleans, Louisiana, this 15th day of November, 2024.

                                          BRANDON S. LONG
                                          UNITED STATES DISTRICT JUDGE

---

[22] ECF No. 51.